GEORGE T. GUERNSEY v. MINNIE M. FULMER.

No. 12,462.    (71 Pac. 578.)

Error from Montgomery district court; A. H. SKIDMORE, judge.    Opinion filed February 7, 1903.    Affirmed.

*Ergenbright & Piper*, and *W. N. Banks*, for plaintiff in error.

*J. B. & W. E. Ziegler*, and *Clark & Brown*, for defendant in error.

*Per Curiam:* This was an action for the purpose of recovering from the defendant the value of certain cattle claimed to be owned by the plaintiff. The general verdict and the special findings found the issues in favor of the plaintiff. The defendant is here as plaintiff in error. His first claim of error is that the plaintiff's evidence did not show that she had a right to the possession of the cattle in dispute at the time they were taken by the defendant, and therefore his demurrer to the evidence should have been sustained. It is true, in an action for conversion the petition must allege that at the time of the conversion the plaintiff was either in possession, or had a right to the possession, of the property converted. Therefore, these facts must be shown in evidence in order to entitle the plaintiff to recover. We think this was fairly done by the plaintiff. She showed such facts as would raise the necessary implication of ownership, and ownership, unless it be otherwise explained or restricted, draws with it the right to possession; hence, when she had proved her ownership of the property, it necessarily followed that she had proved her right of possession.

The jury answered special question 3 as follows: "Did George W. Fulmer sell the cattle in controversy to Henry Crowl? A. Not able to determine" Question 10: "Did the said W. H. Crowl deliver the said cattle with other property to the Commercial National Bank in payment of indebtedness due the said bank? A. He did to their agent." Question 13: "Did the Commercial National Bank act in good faith in the procuring of the said cattle in controversy in

this action ?   A. We think not." The plaintiff claims that the court erred in discharging the jury over his objection without requiring further answers to these questions. George W. Fulmer was the husband of the plaintiff below. He sold or transferred the cattle in question to Henry Crowl.  Whether this was a *bona fide* transfer with the consent of the plaintiff was a matter at issue.  The evidence does not leave it clear.  We think the jury fully warranted in making the answer they did to question 3.  The answer to question 10 is in the affirmative.  The sale to an agent is a sale to the principal.  The answer to question 13 is in the negative.

The claim was made that the plaintiff delayed asserting her ownership to the cattle so long as to amount to an estoppel against her.  It appeared that she had been mentally incompetent a portion of this time.  The court instructed, in the interest of the defendant, that any unreasonable delay to make such claim might work an estoppel, and added thereto that the jury, in determining whether the delay was reasonable or otherwise, might take into consideration the mental condition of the plaintiff.  We find no error in this view.

Further error is urged in the admission of incompetent evidence on behalf of the plaintiff and in overruling defendant's motion for a new trial.  We have given all of these claims of error careful consideration, and are satisfied that no substantial error was committed by the trial court.

The judgment will be affirmed.